**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TELSON OKHIO,** | : | **Civil No. 1:16-CV-49** |
| | : | |
| **Plaintiff,** | : | **(Judge Kane)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **CHARLES AREKALIAN, ESQ.,** | : | |
| | : | |
| **Defendant.** | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case

In this case we are called upon to answer the following threshold question: Does this court have venue over a legal malpractice dispute between residents of New York and New Jersey arising out of a real estate transaction in New Jersey? Concluding that venue does not lie over this dispute in this court, we recommend that this case be transferred to the District of New Jersey.

This is a civil action brought by Telson Okhio, who identifies himself as a resident of New York.  (Doc. 1.)  In this complaint, which is premised upon the diversity jurisdiction of this court, Okhio sues a New Jersey attorney, Charles Arekalian, Esq., for legal malpractice arising out of Arekalian's alleged failure to properly record a deed in a real estate transaction involving Okhio's purchase of a duplex in Orange, New Jersey.  Thus, none of the parties in this case are residents of

the Middle District of Pennsylvania, and none of the transactions giving rise to this lawsuit occurred in this district.  Instead, the filing of the lawsuit in this court appears to have been a matter of custodial happens chance, since it appears that Okhio is presently in the York County Prison for reasons that are unknown.  Along with his complaint, Okhio filed a motion for leave to proceed *in forma pauperis*.  (Doc. 2.) While we will grant the plaintiff leave to proceed *in forma pauperis*, his complaint is plainly subject to transfer or dismissal since venue does not lie in this court over the actions which are the subject of Okhio's complaint.  Accordingly, for the reasons set forth below it is recommended that this case be transferred to the District of New Jersey and closed administratively in this district.

## II.   Discussion

This court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases. See 28 U.S.C. § 1915(e)(2)(B)(ii).  Moreover, parties, like this *pro se* plaintiff, also have an obligation to ensure that their lawsuits meet the basic fundamentals of proper pleadings.  One of these basic rudiments of a valid civil complaint is that the complaint is filed in the proper court, a court which has venue over the actions and parties which are the subject of the litigation.

This case is a federal civil action premised upon diversity of citizenship.  In such cases, 28 U.S.C. § 1391(b) defines the proper venue and provides that an action should:

> be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

In this case, "a substantial part of the events or omissions giving rise to the claim occurred" in New Jersey.  Indeed, all of these events are alleged to have occurred in New Jersey.  Further, it appears that the defendant either resides in, or may be found in, New Jersey.  Therefore, it appears evident from the plaintiff's complaint that venue over this matter lies in the United States District Court for the District of New Jersey.

While an objection to venue may be waived by a defendant, this court is permitted *sua sponte* to raise the issue of an apparent lack of venue, provided the court gives the plaintiff notice of its concerns and an opportunity to be heard on the issue.  See e.g., Stjernholm v. Peterson, 83 F.3d 347, 349 (10th Cir. 1996)(" a district court may raise on its own motion an issue of defective venue or lack of personal

jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue."); <u>Costlow v. Weeks</u>, 790 F.2d 1486, 1488 (9th Cir. 1986). We have, by this Report and Recommendation, provided such notice to the plaintiff in this case.

When it appears that a case has been brought in the wrong venue, there are two potential remedies available to the court. First, the court may dismiss the action for lack of venue pursuant to 28 U.S.C. §1406, and Rule 12(b)(3) of the Federal Rules of Civil Procedure. However, the court may also, in the interests of justice, provide another form of relief, one which ensures that venue is proper without prejudicing the rights of any plaintiffs. Under 28 U.S.C. § 1406:

> The district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, *or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought*.

28 U.S.C.A. § 1406(a)(emphasis added).

In this case, it is submitted that, in order to protect the plaintiff's rights as a *pro se* litigant, the court should order this case transferred to the United States District Court for the District of New Jersey for further proceedings. Such a transfer order avoids any unintended prejudice to the plaintiff which might flow from a dismissal of this action on venue grounds. <u>See</u> <u>Burnett v. New York Cent. R. Co.</u>, 380 U.S.

424, 430 (1965).  Moreover, addressing the lack of venue in this fashion would not

constitute a ruling on the merits of the plaintiff's claims, thus assuring that the

plaintiff can have his case heard on its merits in the proper forum.  See, 18 Wright,

Miller & Cooper Federal Practice and Procedure, § 4436, at 338 (stating that "a

dismissal for lack of jurisdiction or improper venue does not operate as an

adjudication upon the merits") (footnote omitted).  Furthermore, since an order

transferring a case is not a dispositive final order in that case, this proposed transfer

is a matter which lies within the authority of either the district court, or this court.

See, e.g., Berg v. Aetna Freight Lines, Inc., No. 07-1393, 2008 WL 2779294 (W.D.

Pa. July 15, 2008); Market Transition Facility of New Jersey v. Twena, 941 F.Supp.

462 (D.N.J. 1996).  Thus, while a United States Magistrate Judge could enter this

order transferring the case, out of an abundance of caution we are referring this matter

to the district court with a recommendation to dispose of the case in this fashion.

## III.   Recommendation

Okhio's motion for leave to proceed in forma pauperis is GRANTED.  Since

the complaint reveals that venue does not lie in this district, it is recommended that

the court entered an order pursuant to 28 U.S.C.  § 1406, transferring this matter to

the United States District Court for the District of New Jersey, which clearly has

venue of the matters set forth in the complaint.  It is further recommended that this

matter be resolved through a transfer order, rather than an order dismissing the action, since such a transfer order avoids any unintended prejudice to the plaintiff which might flow from a dismissal of this action on venue grounds. See Burnett v. New York Cent. R. Co., 380 U.S. 424, 430 (1965).

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 13th day of January 2016.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge